PEARSON, Judge
(dissenting).
I would hold that the rule does not supersede the statute which provides against the waiver of trial by jury in capital cases, and I would therefore answer the question in the negative. In my view the holding that a rule of procedure supersedes a statute with which it is in conflict should be limited to situations where there is direct conflict. I think this view is in accordance with the law concerning the repeal of a prior statute by a subsequent inconsistent statute. In Miami Water Works Local No. 654 v. City of Miami, 157 Fla. 445, 26 So.2d 194, 165 A.L.R. 967, the Supreme Court stated the applicable principle in the following way:
“Before the courts may declare that one statute amends or repeals another by implication it must appear that the statute later in point of time was intended as a revision of the subject matter of the former, or that there is such a positive and irreconcilable repugnancy between the law as to indicate clearly that the later statute was intended to prescribe the only rule which should govern the case provided for,- and that there is no field in which the provisions of the statute first in point of time can operate lawfully without conflict.” 26 So.2d at 196.
It is clear that there is no actual conflict between the statute and the rule, and that a conflict has been read into the rule by adding to the rule the “intent” that a defendant can waive trial by jury in all cases. The rule does not by its wording provide that the defendant may waive trial by jury in all cases. Therefore the rule is susceptible to the construction that it deals with the method of waiver of trial by jury, rather than with the type of case in which trial by jury can be waived. It should be noted that the rule is not one which liberalizes waiver of trial by jury. On the contrary, the rules restricts and curtails the right to waive jury trial.
*399 It must be assumed that in enacting the statute the legislature recognized the importance to a defendant in a capital case of the right not only to trial by jury, but also of the right to receive a recommendation of mercy by a majority vote of a jury, Such a fundamental change in a defendant’s rights ought not to be brought about by an implied conflict between a statute and a rule of procedure.